IN THE UNITED STATES DISTRICT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| THE YAMASSEE NATIVE AMERICAN MOORS OF THE CREEK NATION, U.N.N.M., B.I.A. REGISTRY NO. 208/1999, INTERNATIONAL SUPREME GRAND COUNCIL OF SHRINERS, INC., NUWAUPIAN GRAND LODGE AF & AM, INC., EGIPTIAN CHURCH OF KARAST "CHRIST", INC., ANCIENT EGIPTIAN ORDER,<br><br>Plaintiffs,<br><br>v.<br><br>BRUNSWICK DOWNTOWN DEVELOPMENT AUTHORITY, Executive Director MEREDITH HANAK, Programs Coordinator MIA KNIGHT-NICHOLS, THE BRUNSWICK NEWS, Managing Editor KERRY KLUMPY, Staff Writer JOSH RAYBURN, Staff Writer KAREN SLOAN, Brunswick Mayor BRAD BROWN, District Attorney STEPHEN KELLEY, Putnam County Sheriff HOWARD RICHARD SILLS, Badge #117, Putnam County Sheriff Deputies 20 JOHN and 20 JANE DOES, WSBTV CHANNEL 2 ATLANTA, GA, 13WMAZ CHANNEL 13 MACON, GA, ATHENS-BANNER HERALD,<br><br>Defendants. | Filed at ___10:50 A___ M<br>DATE  12-22-03<br>[signature]<br>DEPUTY CLERK, U.S. DISTRICT COURT<br>MIDDLE DISTRICT OF GEORGIA<br><br><br><br>5:03-CV-422-2(CAR) |

*ORDER TO STAY CASE AND DIRECT*
*T. MALIK AL KUSH TO APPEAR IN COURT*

1

Before the Court is a complaint filed by several organizations and signed by one T. Malik Al Kush. Kush is not listed as a party to this suit. Per the Court's research, Kush is not a member of the Georgia Bar and is not licensed to practice law in this state.

Local Rule 83.1.1 of the United States District Court for the Middle District of Georgia requires that only attorneys admitted to this Court as members in good standing of the State Bar of Georgia shall be allowed to practice law in this Court. Those properly admitted to another bar in another state may be permitted to appear in special circumstances.

Furthermore, Georgia Bar Rule 1-203 states clearly that no person shall practice law in this State unless such person is an active member of the State Bar of Georgia in good standing. The Official Code of Georgia, §15-19-50 states that the practice of law in Georgia is defined as: (1) representing litigants in court and preparing pleadings and other papers incident to any action or special proceedings in any court or other judicial body; (2) conveyancing; (3) the preparation of legal instruments of all kinds whereby a legal right is secured; (4) the rendering of opinions as to the validity or invalidity of titles to real or personal property; (5) the giving of any legal advice; and (6) any action taken for others in any matter connected with the law.

O.C.G.A. § 15-19-51 specifically prohibits the practice of law in Georgia without a license. According to that statute, it is unlawful for any person other than a duly licensed attorney at law to practice or appear as an attorney at law for any person other than himself in any court of this state or before any judicial body; to hold himself out to the public or otherwise to any person as being entitled to practice law; to render or furnish legal services

2

or advice; or to render legal services of any kind in actions or proceedings of any nature. It is also unlawful for any corporation, voluntary association, or company to do or perform any of the acts recited in this code section. Also, only a person duly licensed to practice law may enter an appearance and file pleadings on behalf of a corporation who is a party to litigation. See Eckles v. Atlanta Technology Group, 267 Ga. 801, 806(2) (1997).

Furthermore, Rule 11 of the Federal Rules of Civil Procedure requires that every pleading such as this complaint shall be signed by at least one attorney or by the party if the party is representing himself. It further states that by presenting to the court a pleading any attorney or unrepresented party is certifying that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. After notice to the person who filed the pleading and a reasonable time in which to respond, the Court may impose sanctions if it determines that the party has violated this Rule.

The Court hereby gives T. Malik Al Kush the twenty-one (21) days of notice as required by Rule 11 of the Federal Rules of Civil Procedure to withdraw or correct the complaint as filed if he so desires. See Massengale v. Ray, 267 F.3d 1298 (11th Cir. 2001) (stating that Rule 11's safe-harbor provision requires the challenged party be given twenty-one days to withdraw or correct the challenged paper or claim). In addition, the Court **HEREBY ORDERS** Kush to appear in this Court at the United States Courthouse, Macon, Georgia at 11:00 a.m. on Thursday, January 29, 2004. The Court expects Kush to be prepared to explain why he signed and filed this complaint as he is not licensed to practice law in Georgia or in this Court, and attempt to justify his actions in possibly

3

violating some very serious state and federal laws. The Court highly recommends that Kush be represented by licensed counsel at this hearing.

It is further ordered that this case is **HEREBY STAYED** pending the outcome of this hearing. No parties involved need take any action on the case until given further express direction from the Court.

**SO ORDERED**, this 22nd day of December, 2003.

_____
C. ASHLEY ROYAL,
UNITED STATES DISTRICT JUDGE

LTH/jec

ENTERED ON DOCKET
12-22, 2003
Gregory J. Leonard, Clerk
Deputy Clerk